## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**JARED PATRICK TARDY individually,**
**and as next friend of, A. T., an infant,**
               **Plaintiffs,**

**v.**

                                        Civil Action No.    2:14-16876

**CITY OF NITRO, WEST VIRGINIA**
**dba NITRO POLICE DEPARTMENT,**
**OFFICER D. S. BAYS, individually and in his**
**official capacity, and OFFICER JARRELL,**
**individually and in his official capacity, OFFICER NUTTER, individually and in his**
**official capacity,**
               **Defendants.**

## COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, 1985 & 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the West Virginia Constitution, Statutes and common law, arises out of the Defendants' unjustified use of force after arresting the Plaintiff on the 26th day of June 2012, in or about the City of Nitro, in Kanawha County, West Virginia, within the Southern District of West Virginia., then by kidnaping A.T., an infant on or about the 8th day of July 2012, in or about the City of Nitro, in Kanawha County, West Virginia, with the Southern District of West Virginia.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1.      The Plaintiffs at all times relevant to this Complaint were residents of Kanawha County, West Virginia, within the Southern District.

2.      The City of Nitro Police Department is a law enforcement agency within the State of West Virginia, a subdivision of the City of Nitro, a West Virginia municipal corporation situate in both Putnam and Kanawha County.

3.      Defendant Bays, at all times relevant to this complaint, was an officer for the City of Nitro Police Department, acting under the color of law and within the scope of his

employment.  Said Defendant is sued in his individual and official capacities.

4.       Defendant Jarrell, at all times relevant to this complaint, was an officer for the City of Nitro Police Department, acting under the color of law and within the scope of his employment.  Said Defendant is sued in his individual and official capacities

5.       Defendant Nutter, at all times relevant to this complaint, was an officer for the City of Nitro Police Department, acting under the color of law and within the scope of his employment.  Said Defendant is sued in his individual and official capacities

**FACTS**

7.       The Plaintiff incorporates by reference paragraphs 1-6, supra.

8.       On or about the 25th day of June, 2012, the Plaintiff was served with a Domestic Violence Petition by Defendant Bays at the Plaintiff's residence.  The plaintiff, after being served by Defendant Bays, tossed the paperwork onto his front porch. The plaintiff made a verbal comment to himself about the situation.  Defendant Bays then ordered the plaintiff to lower the volume of his voice due to being in the view of the public, although, no one other than the plaintiff and defendant Bays were within hearing distance of the plaintiff's front porch.  Plaintiff proceeded into his home. Defendant Bays then stepped onto the plaintiff's front porch and pounded on the door until the door was opened by the plaintiff's mother.  Defendant Bays then forced his way past her, pushed the plaintiff onto the couch, placed him in handcuffs, and arrested him for Disturbing the Peace.

9.       The Plaintiff was transported to the City of Nitro Police station for processing. The plaintiff was processed by defendant Bays, defendant Jarrell, and another officer, Greene.  During the processing, the plaintiff was placed into a holding cell.  While in the holding cell, defendant Jarrell asked the plaintiff what his date of birth was. The plaintiff advised that he, defendant Jarrell, was in possession of his identification card and to read the information from it.  Defendant Jarrell then removed the plaintiff from the holding cell and struck him in the back of the head, causing him to fall to the ground.  Defendant Jarrell then repeatedly kicked and

verbally belittled the plaintiff.  Officer Greene, entered the room and stated to defendant Jarrell "that's enough", pick the plaintiff up from the floor, and re-applied the handcuffs and placed him back in the holding cell.

10.      Plaintiff was subsequently taken to jail.  The plaintiff was released approximately fifteen hours later.  The plaintiff immediately went to the Emergency Department at Teays Valley Hospital to be examined for the injuries that he received at the City of Nitro Police Department.  The plaintiff's x-rays revealed suffered two fractured ribs and four bruised ribs to the left side of his body.

11.      Nitro Police Department contacted Marmet Police Department and requested assistance in obtaining the child whose whereabouts were believed to be in Marmet.  Marmet Police Department declined, absent a court order which Nitro Police Department could not provide.  On or about the 8th day of July 2012, defendant Jarrell and defendant Nutter, without any lawful authority or permission, kidnapped A.T. from the plaintiff under the ruse of a Court Order by Putnam County West Virginia Magistrate Kylene Brown and placed the infant child with it's biological mother, Kara Mullens, who had been denied any custodial or visitation with the child by order of Kanawha County Family Court Judge Sharon Mullins.

12.      On or about the 10th day of July 2012, a hearing was held before the Honorable William Watkins, Judge of the Family Court of Putnam County West Virginia whereby the Domestic Violence Petition against the plaintiff was denied and it was ordered that law enforcement assist in the returning of the child to the plaintiff.

13.      Immediately following the hearing on the 10th day of July 2012, members of the Putnam County Sheriff's Department attempted to locate the child in the area last known to the parties in that county.  By her admission in the Court proceeding, Kara Mullens had stated that she had been staying in Jackson County, West Virginia.  The plaintiff traveled to Jackson County, West Virginia, and with the Court Order and the assistance of the Jackson County Sheriff's Department,

located the infant child.  The infant child was extremely dirty, foul smelling, and wearing the same clothing that she was wearing when she was kidnaped by defendant Jarrell and defendant Nutter.  The infant child was left with a stranger in an unsafe environment and suffered scraps and cuts on the bottom of her feet. The infant child would not have been in these unsafe conditions but for the actions of defendant Jarrell and defendant Nutter.

## STATE LAW CLAIMS

## COUNT I

14.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 13 of this **COMPLAINT**.

15.     Count I alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia.

16.     The actions of Defendants violated the constitutional rights guaranteed to Plaintiffs under Article III, Section 6 of the West Virginia Constitution, which incorporates the constitutional rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution.

17.     The actions of defendants Bays, Jarrell, an Nutter were done in bad faith, were done maliciously, and were in violation of clearly established law, or in a wanton or reckless manner.

18.     As a proximate result of  Defendants' actions, the Plaintiffs sustained physical, mental  and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, sustained lost wages and loss of future wages and suffered otherwise, and is entitled to recover damages for the same.

## COUNT II

19.        Plaintiff incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 18 of this complaint as if re-stated herein verbatim.

20.        Defendant City of Nitro Police Department is vicariously liable for the acts of Defendants Bays, Jarrell, and Nutter committed within the scope of their employment.

21.        Furthermore, Defendant City of Nitro Police Department has the authority to formulate, implement, and administer the policies, customs, and practices of Defendant City of Nitro Police Department and the actions of Defendant City of Nitro Police Department's agents and employees represent the official policy of Defendant City of Nitro Police Department.

22.        Upon information and belief, Defendant City of Nitro Police Department promulgated, promoted, implemented, formulated, and/or administered a number of policies, customs, and/or practices that violated the constitutional rights guaranteed to the Plaintiff under Article III, Sections 1, 5, 10, and 14 of the West Virginia Constitution.  The factual basis for this allegation will be developed in discovery.

23.        As a proximate result of Defendants' actions, the Plaintiff is entitled to recover damages including, but not limited, to the following:
A. Physical pain and suffering,
B. Emotional pain and suffering,
C. Past, present and future medical treatment.

24.        As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, sustained lost

wages and suffered otherwise, and is entitled to recover damages for the same.

## COUNT III

25.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 24 of this **COMPLAINT**.

26.     Defendant City of Nitro Police Department failed to exercise reasonable care in the hiring, retention, and/or supervision of its employees, Defendants Bays, Jarrell, and Nutter.  Moreover, The City of Nitro is **vicariously** liable for the actions of it's employees.

27.     As a proximate result of Defendants' actions, the Plaintiff is entitled to recover damages including, but not limited, to physical, mental   and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, sustained lost wages and loss of future wages and suffered otherwise, and is entitled to recover damages for the same.

## COUNT IV

28.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 27 of this **COMPLAINT**.

29.     The actions of Defendants were unnecessary, against protocol, reprehensible, fraudulent, wilful and wanton, malicious, and in blatant and intentional disregard of the Plaintiffs' rights, thereby justifying an award of punitive damages.

## COUNT V

30.     Plaintiff hereby realleges and incorporates by reference each and every allegation

made in paragraphs 1 through 29 of this COMPLAINT, as if re-stated verbatim herein.

31.     The actions of the defendants Bays, Jarrell, and Nutter constitute battery upon Plaintiff and is actionable *per se.*

32.     As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, sustained lost wages and loss of future wages and suffered otherwise, and is entitled to recover damages for the same.

## COUNT VI

33.     Plaintiffs hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 32 of this COMPLAINT, as if restated herein verbatim.

34.     The actions of individual defendants as aforesaid were outrageous, constitute the intentional infliction of mental, physical and emotional distress, were reprehensible, fraudulent, wilful and wanton, malicious, and in blatant and intentional disregard of Plaintiff's rights, thereby justifying an award of punitive damages.

35.     As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, sustained lost wages and loss of future wages and suffered otherwise, and is entitled to recover damages for the causes of action complained of herein against the City of Nitro Police Department  and the individual defendants in their official capacities.

Plaintiff seeks only to recover to the extent said defendants are covered by liability insurance, except as to the individual defendants in their individual capacity and do not seek to recover taxpayer payments.

## FEDERAL LAW CLAIM
## EXCESSIVE FORCE COGNIZABLE UNDER 42 U.S.C. 1983

36.     The Plaintiff incorporates by reference paragraphs 1-35 above.

37.     No objectively reasonable police officer would have believed, based upon the actual facts of the case, that the beating of the plaintiff was reasonable and in good faith or that the kidnapping of plaintiff's child was reasonable and in good faith.

38.     Said defendants' actions were objectively unreasonable, unlawful, unwarranted, and in violation of the said Plaintiff's clearly-established procedural and substantive rights, of which a reasonable police officer should have known, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and its counterparts in the West Virginia Constitution.  Said Defendants' actions were willful, wanton, intentional, malicious and done with callous and reckless disregard for the Plaintiff's constitutional rights.

## PRAYER

WHEREFORE, based on the above stated facts, the Plaintiffs respectfully requests that this Honorable Court award:

1.  Damages against Defendants in an amount to be determined at trial which will fairly and

reasonably compensate the Plaintiffs for:

a.             Past, present and future economic damages;

b.             Past, present and future pain and suffering;

c.             Loss of enjoyment of life;

d.             Annoyance aggravation and inconvenience;

e.             Psychological, emotional distress; and

f.             Any other compensatory damages to be proven at trial;

g.             Punitive damages against the individual defendants in an amount to be determined at trial;

h.             Reasonable attorney fees and costs;

I.             Any other relief that this Court deems just and equitable;

j.             All other damages provided by law;

k.             Injunctive relief requiring appropriate training, supervision and discipline in order to remedy all constitutional deprivations which the Plaintiffs suffered; and

l.             Declaratory judgment relief establishing the Defendants' above-described conduct violate the Plaintiff's clearly established constitutional rights.

**JURY TRIAL DEMANDED**

**JARED PATRICK TARDY**
**by Counsel**

/s/Michael T. Clifford
_____
Michael T. Clifford (WVSB #750)
Richelle K. Garlow (WVSB #9662)
723 Kanawha Blvd. East
Union Bldg., Suite 1200
Charleston, WV 25301
304-720-7660
304-720-7753 fax